```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA

v.                                Case No. 04-10128-MLW

XINGYU JIANG
    a/k/a Hiroshi Hattori
           Defendant.
_____


            UNITED STATES' MOTION IN LIMINE TO
       PRECLUDE DEFENSE FROM DISCUSSING PUNISHMENT
        OR IMMIGRATION CONSEQUENCES OF CONVICTION
            AND INCORPORATED MEMORANDUM OF LAW

The United States respectfully requests the Court to preclude defense counsel from presenting evidence or argument with respect to punishment or the immigration consequences that may result from a conviction in this case. The defendant is a Chinese national who has been in the United States for several years pursuing an education and is now, according to defense counsel Desmond FitzGerald, Esq., in the process of applying for permanent residency. In the course of plea discussions in this case, counsel asked the government to dismiss the passport fraud charge because a conviction on this count probably renders the defendant inadmissible, and unable to achieve legal permanent residency. The United States declined to do so.

Because of these discussions, the United States submits that Mr. FitzGerald may attempt to elicit testimony or present argument that a conviction in this case will likely result in the defendant being removed from the United States in an effort to

irrelevantly and improperly arouse the jury's sympathies and secure jury nullification.

The undersigned has discussed this motion with Mr. FitzGerald and represents to the Court that he opposes it.

## Discussion

Absent extraordinary statutes requiring the jury to participate in sentencing determinations (e.g., death penalty cases), the sole function of the jury is to determine guilt or innocence.  Punishment is within the exclusive province of the Court. *United States v. Carrasquillo-Plaza*, 873 F.2d 10, 14 (1st Cir. 1989)("court is entitled to shield the jury from details of the potential sentence facing a defendant"); *United States v. Luciano-Mosquera,* 63 F.3d 1142,1152 (1st Cir. 1995)(court properly limited cross-examination which was "impermissible attempt to inform the jury" about defendant's potential punishment); *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir. 1970)(informing the jury of matters relating to potential disposition of defendant might "confuse the issue or issues to be decided").

Informing the jury of the possible or maximum punishment, or of the potential collateral consequences of a conviction, collateral  serves only to draw the jury's attention away from its chief function, that is, the determination of guilt.  It opens the door to compromise verdicts, confuses the issues, and

enhances the likelihood of hung juries. *See Del Toro*, 426 F.2d at 184; *United States v. Johnson*, 502 F.2d 1373, 1377-78 (7th Cir. 1974). As the Court in *Johnson* explained:

> The defense may wish to inform the jury of the mandatory sentence in the hope that the jury might 'hang' or acquit simply because some or all of the jurors thought the penalty was too severe. Congress, however, has already made the policy determination as to the severity of the sentence where a person is found guilty under this statute. It is not for the courts or the juries to make a new policy determination in such a situation.

*Id.* at 1378.

The Court has broad discretion over the scope of closing arguments. *Herring v. New York*, 422 U.S. 853, 862 (1975); *United States v. Grabiec*, 96 F.3d 549, 552 (1st Cir. 1996); *United States v. Wood*, 982 F.2d 1 (1st Cir. 1992). To allow the jury to respond to such pleas would be to permit them to violate their oath not to consider punishment and not to allow their verdict to be affected by sympathy. The Court has an obligation to discourage such improper pleas "by prompt action from the bench in the form of corrective instructions to the jury and, when necessary, an admonition to the errant advocate." *United States v. Young*, 470 U.S. 1, 13 (1985).

Further, it is clear that a defense directed to jury nullification, whether based upon an appeal to sympathy or dissatisfaction with the law as written, is impermissible. In *United States v. Sepulveda*, 15 F.3d 1161, 1189 (1st Cir.1993),

the defendant "invoked the specter of jury nullification during final argument." *Id*.  In affirming the district court's refusal to instruct any further on this matter, the Court stated that "a trial judge ...  may block defense attorneys' attempts to serenade a jury with the siren song of nullification." *Id.*

The refusal to touch upon the issue of nullification need not be a direct one or solely in the context of a jury instruction. In *United States v. Manning*, 79 F.3d 212, 219 (1st Cir.1996), the Court held that while a district court may not instruct the jury as to its power to nullify, the Court underscored the contention that "an attorney's attempt to achieve the same end indirectly ... is equally impermissible," citing *United States v. Calhoun*, 49 F.3d 231 (6th Cir.1995).

WHEREFORE, the United States respectfully requests that defense counsel be prohibited from improperly eliciting testimony, presenting evidence or arguing to the jury concerning

the potential or maximum punishment the defendant faces in this case, or that the defendant may be removed if convicted, or from otherwise appealing to the jury's sympathy.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:  /s/ Sandra S. Bower
     SANDRA S. BOWER
     Assistant United States Attorney
     1 Courthouse Way, Suite 9200
     Boston, MA 02210
     (617) 748-3184