```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA

       v.                                    CRIMINAL NO.  04-10128-MLW

XINGYU JIANG
    a/k/a Hiroshi Hattori
         Defendant.


## UNITED STATES' TRIAL BRIEF

The United States respectfully submits this trial brief in the above captioned case.  The brief outlines the facts to be presented at trial, the charges pending against the defendant, and the more significant evidentiary issues that may arise during the trial.


I. Statement of Facts

The United States expects to present evidence that on February 16, 2001, an individual representing himself as Hiroshi Hattori submitted a passport application, known as a form DS-11, at the U.S. Post Office branch located at 1295 Beacon Street in Brookline, Massachusetts.  The individual provided the postal clerk, Edward Ross, with a birth certificate in the name of Hiroshi Hattori and also presented a Massachusetts driver's license in that name.  The birth certificate, bearing number 147, showed that Hiroshi Hattori was born on December 24, 1982, at Beverly Hospital in Beverly, Massachusetts, and that the infant's

parents were Reiko and Masakazu Hattori, both of whom were from Japan. The individual seeking the passport also represented on the application that his social security number was ████████. As required, the individual provided the clerk with two photos of himself, one of which was affixed to the application and one which would be attached to the passport, when issued. The individual was required to sign the passport application in the presence of the clerk. The application, along with the photos, the birth certificate and fees, was then forwarded to the Boston Passport Agency for processing.

The application aroused some concerns at the passport agency because of a number of fraud indicators, including the fact that the application for the original social security card for Hiroshi Hattori and the certified copy of his birth certificate had been obtained the same day, that is, November 20, 2000. Additionally, the Hattori Massachusetts driver's license had been issued in December 2000. The passport application also indicated that the applicant was employed as a software engineer although he was only 18 years old and that he had a permanent residence in Chicago, Illinois, but a post office box in Massachusetts. In March 2001, the passport agency sent a letter to Hiroshi Hattori at the post office box listed on his passport application. The letter sought additional documentation of his identity and suggested that school records were among the most useful

documents to establish this.

An individual appeared at the Passport Agency public counter on April 8, 2001, and spoke with then-Assistant Fraud Program Manager Mara Pioro. Pioro observed that the individual who appeared at the counter was the person pictured in the photo attached to the passport application. This individual filled out the supplemental information questionnaire, indicating that he had been home schooled by his mother. He also provided several home school "report cards," purportedly signed by him and his mother, Reiko Hattori, as instructor. When Pioro asked him for additional supporting documentation and made suggestions as to what those materials could be, he stated that his birth was not on file with the hospital so he could not bring in a hospital certificate, that he did not know if his father was alive or if so, where he was living, and stated that he was not a software engineer but worked for his mother, who paid his rent. When asked to bring in his mother, he said she was in a coma in Italy and that is why he needed the passport.

The passport application was referred to the United States Department of State, Diplomatic Security Service (DSS), for investigation, which ultimately identified the defendant, Xingyu Jiang, as a suspect. Among other things, DSS Special Agent Justin Rowan had discovered a Massachusetts driver's license in the name Xingyu Jiang, but the photo on the license appeared to

be the same individual who was pictured on the passport application for Hiroshi Hattori.  On May 22, 2002, Agent Rowan, accompanied by Harvard University Detective Andrew Gilbert, located the defendant in a laboratory classroom at Harvard and advised him that he had been identified in connection with an investigation of a potentially false passport application.  Agent Rowan asked the defendant to come to the DSS office the next day, which he did.  At that time, the defendant provided a written statement to Agent Rowan and Special Agent Robert Gousie in which he admitted applying for the passport in the name of Hiroshi Hattori.  The defendant further stated that he was a citizen of China, that he obtained the Hattori birth certificate and then created a false picture identification on a computer.  He used these documents to obtain a social security card and a driver's license and then applied for the United States passport.  He further admitted that he opened a bank account and a Brookline post office box in the Hattori name.  The defendant said he tried to get a United States passport because he thought it would be easier to travel and that it might help him obtain employment.

    The United States also expects to present evidence that the real Hiroshi Hattori, whose December 1982 birth is recorded on the birth certificate submitted in support of the passport application and the November 2000 social security number application, died on February 4, 1983.

The defendant has a social security number, different than that reported on the passport application, in the name Xingyu Jiang. This number was assigned to him in 1996. At the time of these offenses, Jiang was legally in the United States on an F1 Visa. He is a citizen of China and has a Chinese passport.

II. The Charges

The indictment charges the defendant in Count One with making a false statement in a passport application in violation of 18 U.S.C. §1542; in Count Two with misrepresenting that a particular social security number was his own; and in Count Three with possession of a Massachusetts driver's license in the name of Hiroshi Hattori with intent to defraud the United States.

To prove a violation of 18 U.S.C. § 1542, the government must show that:

> First: The defendant made a false statement in an application for a passport;
>
> Second: The defendant knew the statement was false at the time it was made; and
>
> Third: The defendant made the false statement with the intent to secure the issuance of a United States passport, either for his own use or the use of another.

See United States v. Salinas, 373 F.3d 161, 165 (1st Cir. 2004)("violation [of statute] requires only two things: (i)the making of a false statement, (ii) with the intent to secure the

5

issuance of a passport"); *United States v. George,* 2004 WL 2260262 (2d Cir. 2004)(interpreting "willful" to require government to prove only that the "defendant provided information in a passport application that he or she knew to be false."); First Circuit Pattern Instruction No. 4.18.1001 (false statement to federal agency).  Although the statute uses the phrase "willfully and knowingly" to describe the necessary *mens rea*, the government is not required to prove that the defendant knew his conduct violated a specific law, or indeed, that he was even aware his actions were "generally unlawful." *George*, 2004 WL 2260262.  Further, unlike some other false statement offenses, the government need not prove that the falsehoods here were material.  *Salinas*, 373 F.3d at 167("[Passport fraud] statute does not contain any materiality requirement.  Moreover, courts have refused to read a materiality requirement into it.")

To prove a violation of 42 U.S.C. §408(a)(7)(B) as charged in Count Two, the government must show that:

<u>First</u>:   The defendant knowingly represented to someone that a particular social security number had been assigned to him by the Commissioner of Social Security;

<u>Second</u>:  This number was not the social security number which had been assigned to the defendant;

<u>Third</u>:   The defendant made such representation with the intent to deceive.

*See United States v. Manning,* 955 F.2d 770, 773 (1st Cir. 1992)(construing prior codification at 42 U.S.C. 408(g)(2) as

6

requiring the government to prove that defendant "used a false social security number or one which was not assigned to him, for any purpose, with the intent to deceive.")

Finally, the government must prove the following elements to establish a violation of 18 U.S.C. §1028(a)(4):

<u>First</u>: The defendant knowingly possessed an identification document, other than one lawfully issued for his use, as described in the indictment; and

<u>Second</u>: That the defendant possessed this identification document with the intent it be used to defraud the United States.

The statute defines the term "identification document" to mean a document made or issued by the United States or a state government "which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals." A driver's license is a commonly accepted form of identification. *See, e.g., United States v. Pahlavani*, 802 F.2d 1505, 1506 (4th Cir. 1986).

III. <u>Potential Evidentiary Issues</u>

In addition to the matters discussed below, the United States also anticipates that one or more stipulations will be reached with defense counsel in an effort to stream line the presentation of this case at trial.

A. Defendant's Statements

On May 23, 2002, the defendant gave a written statement to DSS agents in which he admitted committing the charged offenses. The defendant also made statements when he appeared at the Boston Passport Agency on April 8, 2001. The defendant has notified the Court that he will not file a motion to suppress.

B. Fed.R.Evid. 404(b) Information

The notice under Fed.R.Evid. 404(b) is required to be given to the defendant on or before November 15, 2004. At this time, the United States anticipates that it will offer the following evidence in its case-in-chief, which is arguably, without so conceding, Rule 404(b) evidence:

1) On April 8, 2001, the defendant provided additional documentation to the passport agency in support of the Hattori passport application, purporting to show that he was home schooled by his mother, Reiko Hattori;

2) In December 2000, the defendant opened a Fleet bank account in the name of Hiroshi Hattori, provided a birth date of 12-24-1982, and used the social security number that he had obtained in the Hattori name;

3) The defendant also used the Hattori name, date of birth, and social security number to procure the Massachusetts driver's license. Additionally, because the Hattori identity date of

birth meant the license applicant was under 18, another individual had to provide a certification relating to his application. Thus, it appears that someone accompanied the defendant and signed the application as Reiko Hattori, certifying he/she was his parent; and

    4) On November 22, 2000, the defendant opened a post office box in the Hiroshi Hattori name.

    The undersigned has discussed the above matters with defense counsel, Desmond FitzGerald, Esq., and represents to the Court that counsel stated that he does not presently believe he will oppose the admission of this evidence.

C. Self-authenticating documents

    The United States expects to offer a number of documents which are self-authenticating under Fed.R.Evid. 902(4). These exhibits include:

    1) Certified copies of the defendant's application for a driver's license and his license image in the Hattori name and in his own name;

    2) Certified copies of the social security applications relating to both the Hattori and Jiang social security numbers; and

    3) A certified copy of the Hiroshi Hattori death certificate.

D. Collateral Consequences of Conviction

The defendant will be subject to removal proceedings upon conviction of any of the charged offenses. During plea discussions, defense counsel asked the government to consider dismissing Count One, the passport fraud charge, and accepting a plea to the other two counts. It is defense counsel's view that a conviction on Count One renders the defendant inadmissible, without any provision for waiver of this penalty under the Immigration and Nationality Act. Because of these discussions, the undersigned has filed a motion in limine to prevent the defense from eliciting testimony, presenting evidence, or making argument concerning either the punishment the defendant faces under the various statutes or the potential immigration consequences resulting from a conviction. The case law in support of the government's position is set forth in the motion in limine.

The undersigned conferred with defense counsel concerning the motion in limine, and represents to the Court that the defendant opposes the requested relief.

IV. <u>Penalties</u>

The defendant faces the following maximum penalties upon conviction: Count One is punishable by up to 10 years imprisonment, a $250,000 fine, 3 years of supervised release and

a $100 special assessment; Count Two by up to 5 years imprisonment, a $250,000 fine, 3 years of supervised release, and a $100 special assessment; and Count Three by up to 3 years imprisonment, a $250,000 fine, 1 year supervised release and a $100 special assessment.  The defendant also faces removal from the United States upon conviction of any of the charges.

V. Conclusion

Although the foregoing does not exhaust all of the issues which may be presented at trial, it is submitted in order to assist the Court and to present the position of the United States with respect to matters set out herein.  The government expects the trial to take approximately 3 days.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    UNITED STATES ATTORNEY

By:   /s/Sandra S. Bower
       SANDRA S. BOWER
       Assistant U.S. Attorney
       1 Courthouse Way, Suite 9200
       Boston, Massachusetts 02210
       (617) 748-3184