UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERCIA   )
                              )
V.                                  )           CRIMINAL NO. 04–10128-MLW
                              )
XINGYU JIANG                )

## DEFENDANT'S MOTION IN OPPOSITION TO THE UNITED STATES MOTION IN LIMINE TO PRECLUDE DEFENSE FROM DISCUSSION PUNISHMENT OR IMMIGRATION CONSEQUENCES OF CONVICTION AND INCORPORATED MEMORANDUM OF LAW.

The United States filed a motion in limine in this matter to preclude the defense from discussing punishment or immigration consequences of a conviction that Mr. Jiang would face if he were to be found guilty at trial. Mr. Jiang is a Chinese citizen who has been in the country for several years, and who is currently in the process of changing his immigration status. If Mr. Jiang is convicted of passport fraud, he will be faced with grave immigration consequences including but not limited to deportation, exclusion and denial of a change of status on the basis he would be inadmissible pursuant to section 212 of the Immigration and Nationality Act.

### Statement of Law

It has been established law in this country that the jury is to determine the guilt or innocence and punishment determinations are to be made by the Court. United States v. Carrasquillo-Plaza, 873 F. 2d 10, 14. A defendant's ability to present evidence or testimony in connection with potential punishment has been severely restricted on the basis that in most instances sentencing is

beyond the jury's province.    This limitation, however, relates specifically to evidence of punishment as set forth in the cases cited by the United States.    (See, United States v. Carrasquillo- Plaza, 873 F. 2d 10, 14. (1st Cir 1989); United States v. Luciano-Mosquera, 63 F.3d 1142, 1152 (1st Cir. 1995); United States v. Del Toro, 426 F 2d 181, 184 (5th Cir. 1970); United States v. Johnson, 502 F. 2d 1373, 1377-78 (7th Cir.1974).

    Immigration consequences are not equated to punishment. On the contrary, Courts have held in the past that deportation should not be considered punishment.  For example, the Supreme Court has long viewed that the Eighth Amendment to the United States Constitution does not extend to the deportation of aliens since "deportation is not a punishment for crime". Ingraham v. Wright, 430 U.S. 651, 668 (1977).    "Deportation, however severe its consequences, has been consistently classified as a civil rather than a criminal procedure." Oliver v. U.S. Department of Justice, I. N. S., 517 F. 2d 426, 428 (2nd Cir. 1975) (quoting Harisiades v. Shaughnessy, 342 U.S. 580, 594 (1952)).  In a similar case where a citizen and native of the Dominican Republic who had entered the United States as a Legal Permanent Resident, but was subsequently charged and plead guilty in the Southern District of New York to various offenses connected with the preparation and use of false immigrant documents, immigration proceedings were commenced pursuant to 8 U.S.C. sec.1251(a) (5) (1970), which authorized the deportation of any alien who has been convicted of violating 18 U.S.C. sec. 1546, (1970).  Santelises v. INS, 491 F.2d 1254, 1255 (2nd Cir. 1974). When the Immigration Judge found the petitioner deportable, the petitioner appealed to the Board of Immigration Appeals which entered an order of dismissing the appeal. Id. at 1255. The petitioner then sought review in the United States Court of Appeals for the Second Circuit arguing that the deportation constitutes cruel and unusual punishment. Id.  The court rejected the petitioner's argument stating that: " It is settled that the deportation, being a

civil procedure, is not punishment and the unusual punishment clause of the Eighth Amendment accordingly is not applicable." Id. at 1255-1256.

It should be noted that the cases the United States cites in its brief differ significantly from this matter in the issues of fact and law.  For example, in one of the cases that the United States draws our attention to, the defendant, Mr. Carrasquillo Plaza, was charged with aiding and abetting a robbery of a United States post office in violation of 18 U.S.C. sec. 2, 2114, (1982), and the defendant subsequently appealed his conviction in the United States Court of Appeals for the 1st Circuit.United States v. Carrasquillo-Plaza,    873 F. 2d 10, 10 ( 1st Cir. 1989) .    The Court reasoned that it was within the bounds of the district court's discretion to prohibit the defense counsel from discussing the number of years of the potential prison term the alibi witness faced by confessing to the crime for which defendant was on trial.  United States v. Carrasquillo-Plaza,    873 F. 2d 10, 14 ( 1st Cir. 1989).

While the defendant does not contest that the jury should be protected or shielded from discussion of potential punishment that is not the issue before this court.  In the present case the immigration status of the defendant is at the very center of the prosecution's case and it is therefore essential for the jury to hear it to properly understand and evaluate the facts.


CONCLUSION

Wherefore Mr. Jiang respectfully requests that this Honorable Court allow the defense Counsel to introduce evidence regarding the immigration consequences of the conviction because deportation proceedings are not a punishment.

Respectfully Submitted,



Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile (617) 523-6324
Email:dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881