UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERCIA ) | |
| ) | |
| V. ) | CRIMINAL NO. 04–10128-MLW |
| ) | |
| XINGYU JIANG ) | |

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE FROM SENTENCNG GUIDELEINES BASED ON POST OFFENSE REHABILITATION AND OTHER MITIGATING FACTORS.

Statement of the Law.

Historically Courts are allowed to depart from the guidelines range when " the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing commission in formulating the Guidelines...". United States v. Bogdan, 284 F.3rd 324, 327 (1st Cir. 2002), citing, 18 U.S.C. sec. 3553(b). For example, when a defendant facilitates a proper administration of justice by entering a guilty plea early and testifies against codefendants thus forcing them to plead guilty the downward departure is justified. United States v. Garcia, 926 F.2d 125, 125 (2nd Cir. 1991). The Court classified Garcia's conduct as "activities facilitating the proper administration of justice in the District Courts of the District of Connecticut." Garcia at 127. The defendant was then sentenced to 36 months' imprisonment, rather than the 51-63 month range specified by the Sentencing Guidelines. Id. Furthermore, Second Circuit Court of Appeals reasoned that when the collateral consequences of a defendant's alienage are "...extraordinary in nature or degree..." the possibility of a downward departure is not ruled out. United States v. Restrepo, 999 F.2d 640,

644 (2d Cir. 1993).

However a new era in Federal Sentencing law has recently arrived when the United States Supreme Court held that certain portions of the sentencing statute were incompatible with the Court's constitutional requirement. United States v. Booker, United States v. Fanfan, 125 S. Ct. 738, 764 (2005). While most of the statute was determined to be valid by the Court, such as 18 U.S.C.A. 3551 (outlining authorized sentences being probation, fine or imprisonment); 3552 (presentence report); 3554 (forfeiture); 3583 (supervised release), the Court nevertheless reasoned that two specific statutory provisions must be severed and excised from the Act: provision requiring courts to impose a sentence within the applicable guidelines range (absent justifiable departure as provided in 18 U.S.C sec. 3553(b) (1) (Supp. 2004), and provision setting the de novo review of departures from the applicable guidelines. Booker and Fanfan at 764. (2005). In the instant case it is the former statutory provision that is at issue, namely provision requiring courts to impose a sentence that fits the applicable guidelines range provided downward departure is unavailable.

On April 21, 2004 a federal grand jury at Boston, Massachusetts returned a three count Indictment charging Xingyu Jiang with false statements in Passport Application, in violation of 18 U.S.C sec. 1542; misuse of Social Security Number, in violation of 42 U.S.C. sec. 408(a) (7)(B); and Possession of Unlawful Identification Document to Defraud the United States in violation of 18 U.S.C. sec. 1028(a) (4).

On May 3, 2004 Mr. Xingyu Jiang appeared in U.S. District Court, at Boston, pursuant to a

-2-

summons, before U.S. Magistrate Judge Robert B. Collins. Mr. Jiang was then released on a $25,000 unsecured bond with certain restrictive conditions (See Presentence Report, page 1 and 2). Mr. Jiang has demonstrated extraordinary rehabilitation by complying with all the restrictive conditions.

Although there are no codefendants in the instant case as in Garcia the situation is nevertheless similar because in the current case Mr. Jiang appeared in U.S. District Court at Boston on December 2, 2005 before the Honorable Mark L. Wolf and entered a plea of guilty to the three count Indictment without a plea agreement. The plea was accepted by the Court. Just as the defendant in Garcia, Mr. Jiang's entering the plea enabled the Court to move to the next stage of the proceeding thus avoiding a trial that would have taken at least three days. Similarly to Garcia, the Court should classify Mr. Jiang's conduct as "activities facilitating the proper administration of justice in the District Courts...."

Mr. Jiang admitted involvement in the offence and is therefore being granted acceptance of responsibility. Pursuant to U.S.S.G. sec. 3E1.1 (a) the offense level is reduced two levels. In addition to the fact that Mr. Jiang has no criminal history both prior and subsequently to the instant offense, his full cooperation with the U.S. Probation Department and his full compliance with the restrictive conditions, the Court should take into consideration other mitigating factors, namely Mr. Jiang's exemplary academic record and potential contribution to the society at large due to the nature and field of his research studies as outlined below.

Mr. Xingyu Jiang was born in Chengdu, Sichuan Province, China in 1977. After graduating

from high-school he was admitted to Nanjing University to study chemistry. After only one year at Nanjing University (1995-1996), Mr. Jiang won a scholarship to study in the United States at St. Johns College in Santa Fe, New Mexico. He was subsequently awarded a prestigious chemistry scholarship and transferred to the University of Chicago to finish his Bachelor of Science (1998-1999).

Upon graduation from the University of Chicago, Mr. Jiang was admitted to Harvard University in a PhD program and for the past five years has been conducting research at the University's Department of Chemistry and Chemical Biology, specializing in biomaterial chemistry. On July 7, 2004, he successfully defended his Ph.D thesis titled "Micro-Tools for Biology." (See Exhibit A).

Mr. Jiang's current research is centered on development of physical tools for the identification and elucidation of biological problems. Applications of these studies are instrumental in the improvement of the human health and manufacturing of new materials. For example, in one of his recent projects, Mr. Jiang developed a device for the diagnosis of HIV, using only a few micro-liters of the sample. The device makes it possible to measure accurately the amount of HIV anti-bodies in patients' serum. In addition, Mr. Jiang's research has extended into electrochemistry and has enabled him to discover that it is possible to control dynamically the shape and area of adhered mammalian cells; a discovery that is crucial in the study and treatment of cancer. (See Exhibits B and C).

Finally, Mr. Jiang is present in the United States pursuant to a valid nonimmigrant student visa that will expire in approximately one year. Initially Mr. Jiang was preparing an application for permanent residence pursuant to Section 203(b)(1)(A) of the Immigration & Nationality Act that allows an alien of extraordinary ability to remain in the United States. The term "extraordinary ability" means a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor. (See Gordon and Mailman, Immigration

Law and Procedure, Chapter 39 quoting 8 C.F.R. 204.5(h)(2))

Congress enacted this provision of the Immigration & Nationality Act, Public Law 101-649, to encourage the best and the brightest, the highest achievers from around the world to bring their expertise and abilities to the United States for the development of our society. Mr. Jiang is specifically the type of individual that this statute was enacted to assist because of the benefit our nation will receive. The recognition of Mr. Jiang's academic excellence and achievement was further enhanced when he was offered a permanent position as a researcher at the University of California at Berkeley. Mr. Jiang's current conviction however precludes him from being eligible to apply for an immigrant visa, and will prevent Mr. Jiang from returning to the United States as he will be "inadmissible" pursuant to Section 212 of the Immigration and Nationality Act as a criminal alien. Therefore, immediately after the disposition of this case he is planning to return to China, thus foregoing the opportunity to pursue an academic career in the United States which in itself is a very grave hardship. According to the Office of Grants Management and Policy the Department of Health and Human Services (HHS) manages approximately 300 grant programs and awards over $239 billion in mandatory and discretionary grant funds annually for research. (See U.S. Department of Health & Human Services Report, September 7, 2004 at http://www.hhs.gov/ogmp/dgor.html). These resources are incomparable in size and scope to resources available elsewhere in the world, and no country boasts such a support system for its scientists. Not having access to this wealth of scientific and research facilities will negatively affect Mr. Jiang's professional and career growth and will force him to forego numerous opportunities for academic and professional prominence in the Unites States and the western world.

Any further restrictive punishment in the nature of confinement will only put a further emotional and financial strain on Mr. Jiang which is neither suitable nor necessary for his rehabilitation.

## CONCLUSION

Wherefore Mr. Jiang respectfully requests that this Honorable Court allow the downward departure from the non-mandatory sentencing guidelines and impose a sentence of probation

so he can return to the People's Republic of China.

Respectfully Submitted,

_____
Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile (617) 523-6324
Email:dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2005, I delivered a true and accurate copy of the foregoing document, Motion for Downward Departure from Sentencing Guidelines, to the opposing party or counsel, Ms. Sandra S. Bower, U.S. Attorney's Office, U.S. Courthouse, suite 9200, One Courthouseway, Boston, MA 02110 by first class mail postage prepaid.

Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone 617.523.6320
Facsimile 617.523.6324
E-mail : dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881
First Circuit No. 68344